**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ABRAHAM CRUZADO, ) | |
| ) | |
| Petitioner, ) | 3: 09-cv-0499-ECR-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| E. K. McDANIEL, *et al.,* ) | |
| ) | |
| Respondents. ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceed *pro se*. Pending before the court is respondents' motion to dismiss. (Docket #12.) Petitioner opposes the motion.

**PROCEDURAL HISTORY**

On November 26, 1990, the state filed an information charging petitioner with nine counts of sexual assault, one count of burglary, and one count of first degree kidnaping. Index, Exhibit A. On August 15, 1991, the state court, pursuant to a guilty plea, sentenced petitioner to four consecutive terms and one current term of life with the possibility of parole. Index, Exhibits B, D, E, and F. On July 7, 1994, the Nevada Supreme Court affirmed the five sexual assault convictions, issuing its remittitur on January 9, 1995. Index, Exhibit G and H. On February 9, 1995, the state district court entered an amended judgment of conviction, vacating the restitution portion of the original judgment. Index, Exhibit I.

On December 27, 1995, petitioner filed a post-conviction petition for writ of habeas corpus. Index, Exhibits J and K. The Nevada Supreme Court denied the petition on November 20, 1998. Index, Exhibit N. On January 28, 1999, and February 12, 1999, respectively, the Nevada Supreme Court denied rehearing and issued its remittitur. Index, Exhibits O and P.

On April 3, 2007, the Parole Board held a hearing and institutionally paroled petitioner from his first life sentence to a pending consecutive life sentence.  Index, Exhibit Z.

On May 18, 2007, the Parole Board responded to petitioner's complaints that his pre-sentence investigation report ("PSI") stated he had used a gun.  Index, Exhibit C.  The Parole Board denied his appeal to change his GRM score.  Index, Exhibit Q.  On April 30, 2008, the Division of Parole and Probation found that no correction was necessary to petitioner's PSI because it only indicated that the victim stated that petitioner told her he had a gun, not that he was charged with using a deadly weapon.  Index, Exhibit R.

On September 26, 2008, petitioner filed a *proper person* motion to correct parole and probation report (PSI) and/or correct sentence along with a supplement in support.  Index at Exhibits S and T.  On November 13, 2008, petitioner filed a notice of appeal from the district court's denial of his motion.  Index, Exhibit U.  On July 31, 2009, the Nevada Supreme court affirmed the denial of petitioner's motion.  Index, Exhibit X.  Remittitur issued on August 25, 2009.  Index, Exhibit Y.

The court received the present petition for writ of habeas corpus on November 30, 2009.  Respondents filed their motion to dismiss on February 12, 2010.  Petitioner filed his response on April 23, 2010.  (Docket #19.)

**LEGAL STANDARDS**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

## DISCUSSION

Respondents move to dismiss this habeas corpus petition on the ground that petitioner is not challenging his conviction or sentence and has failed to raise claims that are cognizable on habeas. Petitioner alleges in his single claim for relief that his state court conviction and/or sentence are unconstitutional, in violation of his Fifth and Fourteenth Amendment rights to due process and equal protection. Petition, page 3. However at the bottom of page 6 of his petition, petitioner states: "[p]etitioner is not seeking to have his conviction and/or sentence overturned. Petitioner is attempting to correct his parole and probation report which contains prejudicial information that is being considered by the NDOC and Department of Parole." On page five of the petition, petitioner states:

> The information contained in petitioner's presentence investigation report is factually untrue, inaccurate, false and founded upon hearsay, anonymous, implable [sic] and much highly suspect evidence.
> The accumulative [sic] affect of these due process violations and equal protection violations has had a detrimental affect upon petitioner due to the fact that they have never been resolved and now being used against him at his parole hearing(s), which adversely affects him in any future parole hearing as well. The failure of the state court to resolve this issue was an abuse of discretion which violated petitioner's constitutional rights.

As respondents argue, it is clear that petitioner is not claiming that his sentence was unconstitutional because his criminal history or PSI was incorrect. He only alleges that the state court abused its discretion and violated his constitutional rights when it did not change his PSI. He does not claim that this alleged abuse of discretion and violation of constitutional rights affected him at his last parole hearing. Rather, he only speculates that the information will harm him at his next parole hearing.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).

"According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) *citing*, *Preiser v. Rodriguez*, 411 U.S. 475, 484-86, 93 S.Ct. 1827 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Petitioner's allegations, however, do not make such attacks.

Further, petitioner is attempting to challenge the Nevada Supreme Court's interpretation of state law as it applies to his motion to change his PSI. A determination of state law by a state appellate court is binding in a federal habeas action, *Hicks v. Feiock*, 485 U.S. 624, 629, 108 S.Ct. 1423 (1988), unless the interpretation is an "obvious subterfuge to evade consideration of a federal issue." *Mullaney v. Wilbur*, 421 U.S. 684, 691 n. 11, 95 S.Ct. 1881 (1975). No such subterfuge is apparent or even argued here. A state law issue cannot be mutated into one of federal constitutional law merely by invoking the specter of a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997).

Finally, petitioner's claims do not involve a liberty interest. There is no right to parole in Nevada. NRS 213.10705 provides that the grant of parole is an act of grace by the state, in which no liberty interest exists. *See Severance v. Armstrong*, 96 Nev. 836, 839, 620 P.2d 369, 370 (Nev. 1980) ("NRS 213.1099 does not confer a legitimate expectation of parole release and therefore does not create a constitutionally cognizable liberty interest sufficient to invoke due process.")

In light of the foregoing, the court concludes that the single claim raised in this petition does not challenge either the fact or duration of petitioner's confinement and thus is not cognizable on habeas corpus. The court will therefore grant respondents' motion to dismiss.

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529

1  U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the
2  district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529
3  U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating
4  that the issues are debatable among jurists of reason; that a court could resolve the issues differently;
5  or that the questions are adequate to deserve encouragement to proceed further. *Id.*
6         Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing
7  Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in
8  the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a
9  notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  This court has
10 considered the issues raised by petitioner, with respect to whether they satisfy the standard for
11 issuance of a certificate of appealability, and determines that none meet that standard.  The court will
12 therefore deny petitioner a certificate of appealability.

14         **IT IS THEREFORE ORDERED** that respondents' motion to dismiss is
15 **GRANTED**.  (Docket #12.)   This petition for writ of habeas corpus is **DISMISSED** with prejudice
16 for failure to state a claim upon which relief can be granted.  The clerk is directed to enter judgment
17 for respondents and to close this case.
18         **IT IS FURTHER ORDERED** that certificate of appealability is **DENIED.**

20         DATED this 17th day of August, 2010.

                    /s/ Edward C. Reed
23              UNITED STATES DISTRICT JUDGE